FORD MOTOR CREDIT COMPANY *v.* THE
FARMERS NATIONAL BANK OF
ANNAPOLIS ET AL.

[No. 114, September Term, 1971.]

*Decided December 14, 1971.*

The cause was argued before HAMMOND, C. J., and
BARNES, FINAN, SINGLEY and SMITH, JJ.

*Robert J. Thieblot,* with whom were *Allen, Thieblot &
Alexander* on the brief, for appellant.

Submitted on brief by *R. Tilghman Brice, III,* for ap-
pellees.

HAMMOND, C. J., delivered the opinion of the Court.

This appeal involves the right of a garnishee who has

filed a plea of *nulla bona* which the attaching creditor does not contest to have the court award him a reasonable counsel fee under Maryland Rule G52 d, reading:

> "If upon a plea of *nulla bona*, judgment shall be entered for the garnishee, the plaintiff shall be adjudged to pay to the garnishee an attorney's fee to be fixed by the court and the costs of the action."

In the Circuit Court for Anne Arundel County the appellee, The Farmers National Bank, the garnishee, simultaneously with filing its plea of *nulla bona* on February 23, 1971, moved for summary judgment against Ford Motor Credit Company, the attaching creditor, for an attorney's fee in an amount to be fixed by the Circuit Court for Anne Arundel County in accordance with Rule G52 d. Ford did not challenge the plea but dismissed its attachment on March 3. After a hearing, Judge Melvin struck Ford's dismissal and entered judgment against Ford in favor of the Bank for a $50.00 attorney's fee. The essence of the reason for Judge Melvin's actions is found in these words from his opinion:

> "In the court's opinion the plaintiff's dismissal of its claim against the garnishee could not serve to cut off the garnishee's right to have the court rule on its Motion for Summary Judgment which motion had been filed in the case *before* the plaintiff's 'Order of Dismissal.' This is so because in the court's opinion it was the clear intention of the legislature, as well as the superseding rule on the subject, that a garnishee who is put to the trouble and expense of determining whether or not it has attachable assets of the defendant, and who finds no such assets and then employs an attorney to file the correct pleadings in its defense, should not have to bear the expense thereof. In the court's opinion the rule is a salutary one as it serves to prevent

indiscriminate fishing expeditions on the part of judgment creditors at the expense of garnishees."

We disagree, finding that the purpose of the statute on which Rule G52 was based did not contemplate an attorney's fee to a garnishee unless there was a judgment for the garnishee that followed a trial to determine the validity of the attaching creditor's challenge to the correctness of the garnishee's return.

Rule G52, entitled "Appearance of Garnishee," became effective January 1, 1959 as Rule 1140 M, and was later recodified in September 1961 to its present format. (The Rule is quoted below.) [1] It restated, without apparent change in substance or intended meaning, the provisions of Code (1957), Art. 9, § 16, which was repealed by Ch. 36 of the Laws of 1962.

Rule 2 provides that the Maryland Rules "shall be interpreted as declaratory of the practice and procedure as it existed prior to their adoption, except insofar as is otherwise expressly provided or they are inconsistent therewith, or as may result from necessary implication."

It appears that § 16 of Art. 9 went no further in departing from the long established rule in Maryland that a successful litigant is entitled to costs but generally

---

1. Rule G52
   a. *Pleas*
   The Garnishee may file a pleading asserting on behalf of the defendant any defense which the defendant could assert, and also any defense on his own behalf.
   b. *Confession of Assets—Payment into Court*
   The garnishee may confess such assets including money, as he has in his hands, and may pay into court the money in his hands to be awarded to the party having a legal right thereto.
   c. *Confession of Assets—Proceedings*
   If the plaintiff shall claim a larger amount than the assets confessed, the garnishee shall be allowed the costs of the action and an attorney's fee to be fixed by the court, unless the plaintiff shall recover judgment against the garnishee in excess of the assets confessed.
   d. *Plea of Nulla Bona*
   If upon a plea of *nulla bona*, judgment shall be entered for the garnishee, the plaintiff shall be adjudged to pay to the garnishee an attorney's fee to be fixed by the court and the costs of the action. (Amended September 15, 1961.)

not to counsel fees than to establish that it is only when a creditor disputes the pleas of the garnishee and puts him to his proof and loses that he must pay the garnishee an attorney's fee. This is indicated not only by the language of § 16 but also by the wording of Code (1957, 1968 Repl. Vol.), Art. 9, § 13, and a statement in 2 Poe, *Pleading and Practice* (Tiffany Ed.), § 840 A. Section 16 provided that the garnishee may confess the assets in his hands "and if the plaintiff will not take judgment of condemnation for the amount so acknowledged, but shall claim a larger sum, then the garnishee shall be allowed the costs of suit, and reasonable counsel fees to be fixed by the court, unless on a final decision the plaintiff shall recover a larger amount than the garnishee acknowledged * * *." Clearly these provisions mean that if a creditor is not satisfied that the amount confessed is all that the garnishee owes the debtor, he may have that issue of fact tried. If the creditor loses—but only if he loses—the ensuing judgment for the garnishee is to include a reasonable attorney's fee. If the judgment is for the creditor, the garnishee pays his own lawyer.

A second clause of § 16 provided: "* * * in all cases where, upon a plea of *nulla bona,* judgment shall be entered for the garnishee, the plaintiff, in addition to the taxed costs of suit, shall be adjudged to pay to the garnishee reasonable counsel fees to be fixed by the Court."

We think "judgment" in the second clause must be read to mean judgment following trial or "final decision" in the sense that that phrase is used in the first clause. There would seem to be no rhyme or reason for having one rule where the garnishee admits owing something and the creditor challenges the amount, and another rule where the garnishee says I owe nothing and the creditor challenges the claim of zero. The statute means to us that the creditor may query the garnishee without fear of liability to the garnishee for an attorney's fee, but if he does not agree with the response and puts the garnishee to his proof, he must pay the garnishee a reasonable attorney's fee if the garnishee was right.

Section 13 of Art. 9, which had to be read with § 16 when both were part of Art. 9 (and now is to be read with Rule G52) says, in pertinent part:

> "No sheriff or other officer shall levy by way of execution against the garnishee more than the plaintiff's debt and cost, nor more than what the said plaintiff shall make appear to be the value of the property and credits attached in the hands of such garnishee, together with such costs only as the garnishee shall put the plaintiff to by denying himself to be indebted to the defendant, and contesting the same."

Mr. Poe states in § 840A: "Although the general doctrine is as stated in the preceding section, our law makes special provision for the payment of *reasonable* fees to the counsel of a garnishee in attachment who shall obtain judgment in his favor on issue joined upon the plea of *nulla bona,* such reasonable fee to be fixed by the court."

No provision in Rule G52 expressly or impliedly keeps it from being declaratory of § 16 of Art. 9 and the Rule is not inconsistent with the statute, and should receive the same interpretation as did the statute.

*Judgments reversed, with costs.*